IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

EDWIN MODESTO SALGUERO MENA,
    *Petitioner*,

v.

PAMELA BONDI, *et al.*,
    *Respondents*.

1:25-cv-2153-MSN-WBP

## ORDER

Petitioner Edwin Modesto Salguero Mena ("Petitioner") has filed a Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"). ECF 1. Specifically, Petitioner alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), violates the Due Process Clause (Counts I, III), Immigration and Nationality Act (Count II), Administrative Procedures Act (Count IV), and Suspension Clause (Count VI). Petitioner also seeks a stay of his removal (Count V) and a temporary restraining order and preliminary injunction (Count VII).

Petitioner is currently detained at the Farmville Detention Center, an immigration detention facility within this Court's jurisdiction. He has sued Jeffrey Crawford, the warden of that facility. He has also sued Pamela Bondi, the Attorney General; Kristi Noem, the DHS Secretary; Todd Lyons, the Director of ICE; and Russell Hott, the Director of ICE's Washington Field Office (collectively, "Federal Respondents").

In response to the Court's Order of November 25, 2025 (ECF 2), Federal Respondents have confirmed that the factual and legal issues in presented in the Petition do not differ in any material

fashion from those presented in *Servellon Martinez*, 1:25-cv-1792 (E.D. Va.). ECF 4. Accordingly, the Court incorporates the filings from *Servellon Martinez* into this case and for the reasons that follow, the Court will grant the Petition as to Count I.[1]

## I. BACKGROUND

Petitioner is a citizen of El Salvador. Petition ¶ 14. He entered the United States without inspection in 2016 and has resided here since that time. *Id*. ¶ 46. On October 27, 2025, Petitioner was arrested by ICE while picking his nephew up from an ICE center. *Id*. ¶¶ 2, 21. He is currently being detained at Farmville Detention Center in Farmville, Virginia, within the jurisdiction of this Court. *Id*. Federal Respondents have detained Petitioner without bond as a result of DHS policy and the Board of Immigration Appeals ("BIA")'s decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).[2] *Id*. at 3, ¶ 5.

## II. ANALYSIS

The central question posed in the Petition is whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under 8 U.S.C. § 1226(a). Petitioner contends that his detention should be governed by § 1226(a) and that his current detention without bond pursuant to § 1225(b)(2) violates his right to due process. In *Servellon Martinez*, Federal Respondents "recognize[d] that this Court and other jurists of this Court recently rejected Federal Respondents' arguments" to the contrary. ECF 5 at 1, No. 1:25-cv-1792 (E.D. Va. Oct. 23, 2025); *see also, e.g.*, *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800 (E.D. Va. Sept. 30, 2025); *Luna Quispe v. Crawford*,

---

[1] Because the Court grants the Petition as to Count I, it need not address Petitioner's other claims.
[2] It is unclear whether Petitioner has moved for a bond hearing before an immigration judge. Federal Respondents have waived any argument that Petitioner did not exhaust his administrative remedies with respect to his habeas claim. However, to ensure that Petitioner's eventual bond hearing comports with ordinary ICE procedures, this Court will direct Petitioner to file a motion for custody redetermination pursuant to 8 C.F.R. § 236.1(d)(1) before Federal Respondents hold the hearing required by this Order if Petitioner has not already done so.

2

No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025). Nevertheless, they raised these same arguments "to preserve them for appeal." ECF 5 at 1, No. 1:25-cv-1792 (E.D. Va. Oct. 23, 2025).

At bottom, Federal Respondents' argument is that anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. *Id*. at 5-14. They therefore argue that because Petitioner is present in the United States but has not been legally "admitted," he should be considered an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). *Id*.

Federal Respondents' argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as several district courts throughout the country have found,[3] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. *See, e.g.*, *Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *8-9 (E.D. VA. Sept. 19, 2025); *Romero v. Hyde*, No. 25-cv-11631, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have [an] extremely limited (if any) application." *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025) (footnote omitted). This Court has previously addressed several of these points in *Quispe-Ardiles*, 2025 WL 2783800, and adopts and incorporates that

---

[3] *See Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799, at *6 & n.9 (E.D. Va. Sept. 29, 2025) (collecting cases).

reasoning into this Order. *See also, e.g.*, *Flores Pineda v. Simon*, No. 1:25-cv-01616-AJT-WEF, 2025 WL 2980729, at *2 nn.2 & 3 (E.D. Va. Oct. 21, 2025) (providing additional explanation for why § 1225(b)(2) does not apply).

Because Petitioner has been present in the United States for nine years and because § 1226(a) sets forth "the default rule" for detaining and removing aliens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), Petitioner's detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before IJ, in which the IJ must determine whether he poses a danger to the community or a risk of flight. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless the IJ makes such a determination, Petitioner's continued detention is unlawful and, for many of the reasons stated in *Quispe-Ardiles*, 2025 WL 2783800, at *8–10, violates his right to due process.

### III. CONCLUSION

For all the reasons stated above, the Petition (ECF 1) is GRANTED, and it is hereby

ORDERED that to the extent that Petitioner seeks release from detention, Petitioner files a motion requesting a bond hearing or custody redetermination as soon as practicable; and that Federal Respondents provide Petitioner with a standard bond hearing before an IJ pursuant to 8 U.S.C. § 1226(a) within 7 days of the date of that motion; and it is further

ORDERED that Federal Respondents are ENJOINED from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that Federal Respondents file a status report with this Court within 3 days of the bond hearing, stating whether Petitioner has been granted bond, and, if his request for bond is denied, the reasons for that denial.

5

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

/s/
Michael S. Nachmanoff
United States District Judge

December 1, 2025
Alexandria, Virginia